*Stephen J. Hill* (1493)
*Jonathan R. Schofield* (8274)
*Kara M. Houck* (8815)
PARR BROWN GEE & LOVELESS
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile:  (801) 532-7750
shill@parrbrown.com
jschofield@parrbrown.com
khouck@parrbrown.com

*Robert W. Jackson* (pro hac vice pending)
*Brett R. Parkinson* (10310)
LAW OFFICES OF ROBERT W. JACKSON
205 West Alvarado Street
Fallbrook, California 92028
Telephone: (760) 723-1295
Facsimile:  (760) 723-9561
rwjesqlaw@aolcom
brett@jacksontriallawyers.com

*Michael R. Carlston* (0577)
*Scott H. Martin* (7750)
*Maralyn M. English* (8468)
*D. Jason Hawkins* (9182)
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Salt Lake City, Utah 84111
Telephone: (801) 521-9000
Facsimile:  (801) 363-0400
mcarlston@scmlaw.com
smartin@scmlaw.com
mmr@scmlaw.com
jhawkins@scmlaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| NAOMI "DAWN" GADD ALLRED, individually, as Trustee of the James Jacobson Allred and Naomi Dawn Gadd Allred Family Trust, and as Personal Representative of the Estate of James Allred; ALPHA MOUNTAIN, LLC; a Utah limited liability company; COREY ANDERSON; ANDERSON BROTHERS, L.P., a Utah limited partnership; E. BRUCE ANDERSON, individually and as Trustee of the Arthur N. Anderson Trust, and as Trustee of the E. Bruce Anderson Family Trust, and as Trustee of the Stacey Sandall Anderson Family Trust; STACEY S. ANDERSON, individually and as Trustee of the Arthur N. Anderson Trust, and as Trustee of the E. Bruce Anderson Family Trust, and as Trustee of the Stacey Sandall Anderson Family Trust; ANDERSON BIG HOLLOW RED HILLS | **COMPLAINT**<br><br>Case No.: 2:15-cv-00447-PMW<br><br>Magistrate Judge Paul M. Warner |

RANCH CORPORATION, a Utah corporation;
CIRCLE N RANCH, LLC, a Utah limited liability
company; EBSSA, INC., a Utah corporation;
BEVERLY H. ANDERSON, individually and as
Co-Trustee of The David and Beverly Anderson
1999 Trust – Family Trust; HAWLEY
ANDERSON-LOCKWOOD, individually and as
Co-Trustee of The David and Beverly Anderson
1999 Trust – Family Trust; ANDERSON LAND &
LIVESTOCK CO., INC., a Utah corporation; NICK
BALL; SUZANNE BALL; BRITANNIA, LLC, a
Utah limited liability company; KURT BAXTER;
ANGELA BAXTER; RICK BENSON; KATHY
BENSON; DALE BERRY; DIANA BERRY; BIG
HORN RANCH ASSOCIATION, INC. f/k/a BIG
HORN MOUNTAIN PROPERTY OWNERS
ASSOCIATION, a Utah non-profit corporation;
GARY BODILY; ANNETTE BODILY; L.
EDWARD BROWN; CAROL BROWN;
RONALD C. BROWN, individually and as Trustee
of The Ronald C. Brown Family Revocable Trust;
MARILYN K. BROWN, individually and as
Trustee of The Ronald C. Brown Family Revocable
Trust; DAVID CARLSTON; DAVID K.
CHRISTENSEN, individually and as Trustee of
The David K. Christensen Revocable Living Trust;
ROSEMARY CHRISTENSEN; CLAUDIA
CHRISTENSEN; LAMONT CHRISTENSEN;
PETER D. CHRISTENSEN; DIANE
CHRISTENSEN; GARY CHURCH; TERESA
CHURCH; DUSTIN CHURCH; JOHN COLBY;
GAYLA COLBY; JESSE COLESON; CAROL
COLESON; BRYANT L. COX; BETTY P. COX;
B. COX FARM, LLC, a Utah limited liability
company; CHUCK CUMMINS; ELAINE
CUMMINS; RANDY DUTSON; RHONDA
DUTSON; ELK RIDGE RANCHES PROPERTY
OWNERS' ASSOCIATION, INC., a Utah non-
profit corporation; THELMA H. STOWELL
EVANS, individually and as Trustee of the Thelma
H. Stowell Family Trust; RODNEY GARDNER;
TRINA GARDNER; CARRIE WILKEY; DANNY
NEIL WILKEY; RICHARD GARNER; PEGGY
GARNER, individually and as Trustee of The

4824-3998-4164

Peggy A. Garner Living Trust; THOMAS B.
GOGAN; HEIDI M. GOGAN; SANDY
GOUDREAU; STAN HALLAM; BRENDA
HALLAM; MONTE HANCOCK; SHERRY
HANCOCK; JERRY HANSEN; EARLENE
HANSEN; SHON HARPER, individually and
doing business as COUNTRY HOME REALTY,
L.C.; SHARON HARPER; ESTATE
MORTGAGE, L.C., a Utah limited liability
company; STERLING HESS; ROMY HESS;
CLYDE HOLM; LINDA HOLM; PHILIP R.
HUGHES, individually and as Trustee of The
Hughes Family Trust, dated November 29, 2012;
DENISE A. HUGHES, individually and as Trustee
of The Hughes Family Trust, dated November 29,
2012; INDIAN RIDGE SUBDIVISIONS
PROPERTY OWNERS ASSOCIATION, INC.
a/k/a INDIAN RIDGE SUBDIVISIONS POA, a
Utah non-profit corporation; BERNIE IRVINE;
MERLENE IRVINE; DAREL L. JARDINE,
individually and as Trustee of The Darel L. Jardine
and Christi A. Jardine Joint Living Trust Dated
April 08, 1999; CHRISTI A. JARDINE,
individually and as Trustee of The Darel L. Jardine
and Christi A. Jardine Joint Living Trust Dated
April 08, 1999; DEBRA LASSON; ROGER
LINDLEY individually and as Trustee of the Roger
C. and Nancy W. Lindley Trust; NANCY
LINDLEY, individually and as Trustee of the
Roger C. and Nancy W. Lindley Trust; L.L.
PETERSON LAND COMPANY, LTD., a Utah
limited partnership; GARY W. MANVILLE;
RUTH P. MANVILLE; JACK McALLISTER;
FAIRVIEW LAND & LIVESTOCK COMPANY,
a Utah corporation; LORRIE MERRELL;
DIANNA PUGH, individually and as Trustee of
The Dianna Pugh Family Trust, dated the 19th of
May, 2020; BRENT MILLER; KIMBERLIE
MILLER; STEVEN DALLAS MORGAN; SUZIE
LYNN MORGAN; MOUNTAIN VIEW
ASSOCIATES, LLC, a Utah limited liability
company a/k/a MOUNTAIN VIEW
ASSOCIATION, a/k/a MOUNTAIN VIEW
ASSOCIATION, LLC; SCOTT MOWER;

3

JACKEE MOWER; MOWER RANCH, LTD., a
Utah limited partnership; BRUCE MURDOCK;
LISA B. MURDOCK; R&R JORDAN
INVESTMENTS, LTD., a Utah limited partnership;
DEREK MURDOCK; MELISSA DOWNS;
MIRANDA SEARLE; STEVEN NELSON;
MAXINE NELSON; BRIAN NEWMAN; KIRA
NEWMAN; ROBERT OLSON; SANDRA
OLSON; NEAL OLSON; LINDA OLSON;
TERRANCE OLSON; CONNIE BRENNAN;
TERRANCE OLSON, JR.; WILLIAM R.
O'REILLY; KIMNAY ROU; CLYDE ORMOND,
individually and as Trustee of The C.K.K.L.
Ormond Revocable Living Trust; KRIS ORMOND,
individually and as Trustee of The C.K.K.L.
Ormond Revocable Living Trust; CORY PAYNE;
TARA PAYNE; CHRIS JOHNSON; KALIN
JOHNSON; DARA L. PAYNE; NICOLE PAYNE;
JAMES "GABE" PAYNE; RAYLENE PAYNE;
GLADE PAYNE; BARBARA STATEN; JASON
PAYNE; KACEE PAYNE; JENNEVIEVE
NEWHALL; VINT PAYNE; CRAIG PEAY,
individually and as Trustee of the Residual Trust
created by the Will of Geneal A. Peay; LYNN R.
TREGEAGLE, individually and as Trustee of the
Residual Trust created by the Will of Geneal A.
Peay; VINCE SHEPARD, individually and as
Trustee of the Residual Trust created by the Will of
Geneal A. Peay; WARREN D. PEAY, individually
and as Trustee of The Warren DeLoss and Alene B.
Peay Family Trust; ALENE PEAY, individually
and as Trustee of The Warren DeLoss and Alene B.
Peay Family Trust; GARY PITTS; PATTI PITTS;
RANCHO VILATE, LLC, a Utah limited liability
company; DENNIS RICHARDSON; EVA
RICHARDSON; WILLIAM ROBINSON,
individually and as Trustee of The Robinson Family
Trust; JOANN ROBINSON, individually and as
Trustee of The Robinson Family Trust; DENNIS
SABEY, individually and as Trustee of The Sabey
Family Trust, 93; MARGARET SABEY,
individually and as Trustee of The Sabey Family
Trust, 93; LYNN C. SAGERS; PAT L. SAGERS;
JOHN J. SERVICE; JULIE SERVICE; BOYD

4

4824-3998-4164

SPARROW; KRISTINA SPARROW; BRITT
STEEN, as Personal Representative of the Estate of
Frances M. Sandoval; JAMES STUDSTRUP,
individually and as Trustee of The James and Kaye
Studstrup Family Trust; KAYE STUDSTRUP,
individually and as Trustee of The James and Kaye
Studstrup Family Trust; KENNETH M. TANNER;
MARIE TANNER; R. EDWARD TOMSIK;
RAMONA S. TOMSIK; JOHN VANDOMBURG;
LOU ANN VANDOMBURG; KENT J.
VOORHEES; TAMARA L. VOORHEES; KENNY
J. WILLIAMS; DORLEEN WILLIAMS;
MICHAEL W. WOOD; and STEVEN K.
WRIGHT,

                             Plaintiffs,

v.

PACIFICORP d/b/a ROCKY MOUNTAIN
POWER COMPANY, an Oregon Corporation,

                          Defendant.

Plaintiffs listed in the above-captioned matter (each a "Plaintiff" and collectively "Plaintiffs") hereby complain against Defendant Pacificorp dba Rocky Mountain Power ("RMP" or "Defendant") and allege as follows:

## INTRODUCTION

1.      On June 23, 2012, a devastating wildfire, known as the Wood Hollow Fire ("Wood Hollow Fire" or the "Fire"), ignited as a result of arcing between high voltage transmission lines which were owned, operated and maintained by RMP.  The arc occurred because there was inadequate clearance between the lines in violation of RMP's and other applicable safety standards.  The Fire reportedly burned 47,387 acres, over 75 square miles, destroying everything in its path, including forests, woodlands, sage steppes, grasslands,

4824-3998-4164

pastures, springs, ponds, streams, homes and other structures, personal property, wildlife, livestock, and other animals, and causing flooding, erosion and destruction of roads, culverts, water systems and other infrastructure.  The Fire caused such severe damage to the natural landscape that some areas will not recover for decades, if ever.

2.      Plaintiffs are victims of the Wood Hollow Fire.  They seek to recover damages to compensate them for the damage caused by the wrongful conduct of RMP, including but not limited to damage to and loss of use of their real and personal property; annoyance, inconvenience, and emotional distress; injury to livestock, pets and other animals; loss of income and profits; treble damages for loss and damage to trees and underwood; intangible environmental damage; and other harm.  Plaintiffs also seek punitive damages because RMP knew or should have known that its failure to properly design, construct and maintain its high voltage transmission lines would, in a high degree of probability, result in substantial harm to another, and was highly unreasonable and an extreme departure from ordinary care in a situation where a high degree of danger was apparent.

## PARTIES

3.      At all times mentioned herein, Plaintiff Naomi "Dawn" Gadd Allred, individually and as Trustee of the James Jacobson Allred and Naomi Dawn Gadd Allred Family Trust, and as Personal Representative of the Estate of James Allred, was a Utah resident, owing approximately 280 acres of real property located in Sanpete County, Utah, which was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiff suffered damages in an amount to be proven at trial, but not less than $75,000.

4.      At all times mentioned herein, Plaintiff Alpha Mountain, LLC, a Utah limited

6

liability company was the owner of approximately one-half of an undivided interest in 240 acres of real property located in Sanpete County, Utah, which was directly in the path of the Wood Hollow Fire and its aftermath. As a result of the fire, Plaintiff suffered damages in an amount to be proven at trial, but not less than $75,000.

5.      At all times mentioned herein, Plaintiffs Corey Anderson, a Utah resident, and Anderson Brothers, LP, a Utah limited partnership, were the owners of approximately 600 acres of real property located in Sanpete County, Utah, which was directly in the path of the Wood Hollow Fire and its aftermath. As a result of the fire, Plaintiff suffered damages in an amount to be proven at trial, but not less than $75,000.

6.      At all times mentioned herein, Plaintiffs E. Bruce Anderson and Stacey Anderson, individually and as Trustees of the Arthur N. Anderson Trust, the E. Bruce Anderson Family Trust, and The Stacey Sandall Anderson Family Trust, Utah residents, Anderson Big Hollow Red Hills Ranch Corporation, a Utah corporation, and Circle N Ranch, LLC, a Utah limited liability company, were the owners of approximately 5,800 acres of real property located in Sanpete County, Utah, which was directly in the path of the Wood Hollow Fire and its aftermath, and suffered damages, including without limitation destruction of natural vegetation, landscaping, improvements, loss of fence, loss of personal property, injury to and destruction of livestock, increased costs, loss of income and loss of livestock business profit. EBSSA, Inc., a Utah corporation, is an entity out of which Stacey Anderson runs her accounting practice, which suffered damage as a result of the Fire, including lost revenue, loss of income and loss of future earnings. As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000

4824-3998-4164

7.      At all times mentioned herein, Plaintiffs Beverly (Lee) Anderson and Hawley Anderson-Lockwood, individually and as Co-Trustees of The David and Beverly Anderson 1999 Trust – Family Trust, were California residents, owning approximately 300 acres of real property located in Sanpete County, Utah, which property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiff suffered damages in an amount to be proven at trial, but not less than $75,000.

8.      At all times mentioned herein, Plaintiff Anderson Land & Livestock Co., Inc., a Utah corporation, was the owner of approximately 2,400 acres of real property located in Sanpete County, Utah, which property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the fire, Plaintiff suffered damages in an amount to be proven at trial, but not less than $75,000.

9.      At all times mentioned herein, Plaintiffs Nick Ball and Suzanne Ball, Utah residents, and Britannia, LLC, a Utah limited liability company, were the owners of approximately 180 acres of real property, including Hartney Lake, and property located at Indian Ridge, Lot 67, Plat Q, both in Sanpete County, Utah, which were directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.  In addition, fire fighters used and damaged these Plaintiffs' property and resources while fighting the Fire, including but not limited to removing water and damaging fences and roads.

10.      At all times mentioned herein, Plaintiffs Kurt Baxter and Angela Baxter, were Utah residents and the owners of the property located at Indian Ridge, Plat A, Lot 31 in Sanpete County, Utah.  The Baxters' property was directly in the path of the Wood Hollow Fire and its

8

aftermath.  As a result of the fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

11.    At all times mentioned herein, Plaintiffs Rick Benson and Kathy Benson, were Utah residents and the owners of the property located at Indian Ridge, Plat G, Lots 12, 13 and 14 in Sanpete County, Utah.  The Bensons' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

12.    At all times mentioned herein, Plaintiffs Dale Berry and Diana Berry, were Utah residents and the owners of approximately 10 acres of property located on the South Half of Lot 34, Plat "A", in Elk Ridge Ranches Subdivision in Sanpete County, Utah.  The Berrys' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

13.    At all times mentioned herein, Plaintiff Big Horn Ranch Association, Inc. f/k/a Big Horn Mountain Property Owners Association, a Utah non-profit corporation, was the owner of approximately 6,500 acres of property located in approximately Section 11, Township 12 South, Range 3 East, Salt Lake Base & Meridian, in Sanpete County, Utah, which was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the fire, Plaintiff suffered damages in an amount to be proven at trial, but not less than $75,000.

14.    At all times mentioned herein, Plaintiffs Gary Bodily and Annette Bodily, were Utah residents and the owners of the property located in Indian Ridge, Plat G, Lot 26, in Sanpete County, Utah.  The Bodilys' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the fire, Plaintiffs suffered damages in an amount to be proven at trial,

9

Case 2:15-cv-00447-DN    Document 2    Filed 06/22/15    PageID.11    Page 10 of 45


but not less than $75,000.

15.     At all times mentioned herein, Plaintiffs L. Edward Brown and Carol Brown, were Utah residents and the owners of the properties located at Indian Ridge, Plat M, Lots 27-28, in Sanpete County, Utah.  The Browns' properties were directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

16.     At all times mentioned herein, Plaintiffs Ronald C. Brown and Marilyn Brown, individually and as Trustees of The Ronald C. Brown Family Revocable Trust, were Utah residents, owning property located at Elk Ridge Ranches subdivision, Plat A, Lot 16, in Sanpete County, Utah.  The Browns' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

17.     At all times mentioned herein, Plaintiff David Carlston, was a Utah resident and the owner of approximately 250 acres located in Sanpete County, Utah.  Mr. Carlston's property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiff suffered damages in an amount to be proven at trial, but not less than $75,000.

18.     At all times mentioned herein, Plaintiff David K. Christensen, individually and as Trustee of The David K. Christensen Revocable Living Trust, was a Utah resident, owning property located at the Oaker Hills subdivision, Lot 241, in Sanpete County, Utah.  Mr. Christensen's property was directly in the path of the Wood Hollow Fire and its aftermath. Plaintiff Rosemary Christensen vacationed on this property, was an invitee and had access to use this property.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at

trial, but not less than $75,000.

19.    At all times mentioned herein, Plaintiffs LaMont Christensen and Claudia Christensen, were Utah residents and the owners of approximately 1,600 of acres of land in Sanpete County, Utah.  The Christensens' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

20.    At all times mentioned herein, Plaintiffs Peter D. Christensen and Diane Christensen, were Utah residents and the owners of approximately 636 acres located in Section 12, Township 12 South, Range 3 East, in Sanpete County, Utah.  The Christensens' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.  Additionally, the Christensens incurred fire suppression damages and expenses.

21.    At all times mentioned herein, Plaintiffs Gary Church and Teresa Church, were Utah residents and the owners of the property located at the northeast corner of Lot 67, Plat B, Elk Ridge Ranches subdivision, in Sanpete County, Utah and described in the Sanpete County records as parcel 24667.  The Churches' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

22.    At all times mentioned herein, Plaintiff Dustin Church, was a Utah resident and the owner of the property located at the southern portion of Lot 67, Plat B of Elk Ridge Ranches subdivision, in Sanpete County, Utah and described in the Sanpete County records as parcels 24667X1 and 24667X.  This Plaintiff's property was directly in the path of the Wood Hollow

Fire and its aftermath.  As a result of the Fire, Plaintiff suffered damages in an amount to be proven at trial, but not less than $75,000.

23.    At all times mentioned herein, Plaintiff Gayla Colby was a Utah resident.  John Colby was a Utah resident until his death after the Wood Hollow Fire.  Gayla Colby and John Colby were the owners of the property located at Elk Ridge Ranches subdivision, Lot 20, in Sanpete County, Utah.  The property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

24.    At all times mentioned herein, Plaintiffs Jesse Coleson and Carol Coleson, were Utah residents and the owners of the property located at Oaker Hills, Lot 250, in Sanpete County, Utah.  The Colesons' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

25.    At all times mentioned herein, Plaintiffs Bryant L. Cox and Betty P. Cox, both Utah residents, and B. Cox Farm, LLC, a Utah limited liability company, were the owners of approximately 1,100 acres of property in Sanpete County, Utah, which property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

26.    At all times mentioned herein, Plaintiffs Chuck Cummins and Elaine Cummins, were Utah residents and the owners of the property located at Indian Ridge Plat M, Lots 15, 16, 17, 18, 19, and 20 in Sanpete County, Utah.  The Cummins' property were directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in

an amount to be proven at trial, but not less than $75,000.

27.    At all times mentioned herein, Plaintiffs Randy Dutson and Rhonda Dutson, were Utah residents and the owners of property located at Oaker Hills, Phase II, Lot 219, in Sanpete County, Utah.  The Dutsons' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

28.    At all times mentioned herein, Plaintiff Elk Ridge Ranches Property Owners' Association, Inc., a Utah non-profit corporation, was the owner of property located in Elk Ridge Ranches subdivision(s) in Sanpete County, Utah.  This Plaintiff's property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiff suffered damages in an amount to be proven at trial, but not less than $75,000.

29.    At all times mentioned herein, Plaintiff Thelma H. Stowell Evans, individually and as Trustee of the Thelma H. Stowell Family Trust, was a Utah resident, owning property located at Oaker Hills, Phase II, Lots 248 and 249, in Sanpete County, Utah.  Ms. Evans' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiff suffered damages in an amount to be proven at trial, but not less than $75,000.

30.    At all times mentioned herein, Plaintiffs Carrie Wilkey, Neil Wilkey and Rodney Gardner were Utah residents.  Trina Gardner was a Utah resident until her death after the Wood Hollow Fire.  Ms. Wilkey and the Estate of Trina Gardner were the owners of the property located at Oaker Hills, Lot 122, in Sanpete County, Utah.  Plaintiffs Rodney Gardner and Danny Neil Wilkey built structures, owned structures and owned personal property located on the Trina Gardner and Carrie Wilkey property in Sanpete County, Utah.  These Plaintiffs' property was

4824-3998-4164

directly in the path of the Wood Hollow Fire and its aftermath. As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

31.    At all times mentioned herein, Plaintiffs Richard Garner and Peggy Garner, individually and as Trustee of The Peggy A. Garner Living Trust, were Utah residents, owning property located at Oaker Hills, Lot 246, in Sanpete County, Utah. The Garners' property were directly in the path of the Wood Hollow Fire and its aftermath. As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

32.    At all times mentioned herein, Plaintiffs Thomas B. Gogan and Heidi M. Gogan, were Utah residents and the owners of the property located at Oaker Hills, Phase III, Lot 322, in Sanpete County, Utah. The Gogans' property was directly in the path of the Wood Hollow Fire and its aftermath. As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

33.    At all times mentioned herein, Plaintiff Sandy Goudreau, was a Washington resident and the owner of approximately 280 acres of property located in Sanpete County, Utah. Ms. Goudreau's property was directly in the path of the Wood Hollow Fire and its aftermath. As a result of the Fire, Plaintiff suffered damages in an amount to be proven at trial, but not less than $75,000.

34.    At all times mentioned herein, Plaintiffs Stan Hallam and Brenda Hallam, were the owners of the property located at Oaker Hills, Lot 233, in Sanpete County, Utah. The Hallams' property was directly in the path of the Wood Hollow Fire and its aftermath. As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

35.     At all times mentioned herein, Plaintiffs Monte Hancock and Sherry Hancock, were Utah residents and the owners of the property located at Oaker Hills, Lot 137, in Sanpete County, Utah.  The Hancocks' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

36.     At all times mentioned herein, Plaintiffs Jerry Hansen and Earlene Hansen, were Utah residents and the owners of approximately 460 acres located in Sanpete County, Utah, which was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

37.     At all times mentioned herein, Plaintiffs Shon Harper, Sharon Harper, and Estate Mortgage, L.C., a Utah limited liability company, were the owners of the property located at Big Hollow, Lot 17, and currently own and have been assigned the litigation rights to the Southwest ¼ of the Southwest ¼ of Section 1, Township 14 South, Range 3 East of the Salt Lake Base & Meridian, Sanpete County, Utah, and described in the Sanpete County records as parcel 21326X. These properties were directly in the path of the Wood Hollow Fire and its aftermath.  Plaintiff Shon Harper is also the sole proprietor of Country Home Realty, a real estate brokerage that operated in Sanpete County, Utah, dealing primarily with properties located in areas affected by the Fire.  Country Home Realty, a dba of Shon Harper, lost substantial revenue and future earnings due to the damage caused by the Wood Hollow Fire and its aftermath. As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

38.     At all times mentioned herein, Plaintiffs Sterling Hess and Romy Hess, were Utah residents and the owners of the properties located at Elk Ridge Ranches subdivision, Plat A, Lot

39 and Plat B, Lot 92, in Sanpete County, Utah.  The Hesses' properties were directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

39.    At all times mentioned herein, Plaintiffs Clyde Holm and Linda Holm, were Utah residents and the owners of properties located at Indian Ridge, Plat C, Lot 11, Plat M, Lots 31, 33, 34, 35 and 41, and Plat S, Lot 1, in Sanpete County, Utah.  The Holms' properties were directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

40.    At all times mentioned herein, Plaintiff Philip R. Hughes, Denise A. Hughes, individually and as Trustees of The Hughes Family Trust, dated November 29, 2012, was a Washington resident, owning approximately 240 acres property located in Sanpete County, Utah.  Mr. Hughes's property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

41.    At all times mentioned herein, Plaintiff Indian Ridge Subdivisions Property Owners Association, Inc. a/k/a Indian Ridge Subdivisions POA, a Utah non-profit corporation, was the owner of properties located throughout the Indian Ridge subdivisions in Sanpete County, Utah.  Several of those properties were directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

42.    At all times mentioned herein, Plaintiffs Bernie Irvine and Merlene Irvine, were Utah residents and owners of the property located at Oaker Hills, Lot 325, in Sanpete County,

16

Utah.  The Irvines' property was directly in the path of the Wood Hollow Fire and its aftermath.
As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less
than $75,000.

43.      At all times mentioned herein, Plaintiffs Darel L. Jardine and Christi A. Jardine,
individually and as Trustees of The Darel L. Jardine and Christi A. Jardine Joint Living Trust
Dated April 08, 1999, were Utah residents, owning property located at Indian Ridge, Plat H, Lots
37 and 38, in Sanpete County, Utah.  The Jardines' properties were directly in the path of the
Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an
amount to be proven at trial, but not less than $75,000.

44.      At all times mentioned herein, Plaintiff Debra Lasson was a Utah resident and the
owner of approximately 435 acres of real property in located in Section 25 of Township 11
South, Range 3 East; and Section 30 of Township 11 South, Range 4 East, of Salt Lake Base &
Meridian, in Utah County, Utah.  Ms. Lasson's property was directly in the path of the Wood
Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount
to be proven at trial, but not less than $75,000.

45.      At all times mentioned herein, Plaintiffs Roger Lindley and Nancy Lindley,
individually and as Trustees of the Roger C. and Nancy W. Lindley Trust, were Utah residents,
owning property located at Oaker Hills, Lot 204, in Sanpete County, Utah.  The Lindleys'
property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the
Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

46.      At all times mentioned herein, Plaintiff L.L. Peterson Land Company, Ltd., a
Utah limited partnership, was the owner of approximately 1,400 acres of property located in

Sanpete County, Utah, which property was directly in the path of the Wood Hollow Fire and its aftermath. As a result of the Fire, Plaintiff suffered damages in an amount to be proven at trial, but not less than $75,000.

47.    At all times mentioned here, Plaintiffs Gary W. Manville and Ruth P. Manville, were Utah residents and the owners of property located at Indian Ridge, Plat D, Lots 14, 15 and 28, in Sanpete County, Utah. The Manvilles' property was directly in the path of the Wood Hollow Fire and its aftermath. As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

48.    At all times mentioned herein, Plaintiff Jack McAllister, a Utah resident, and Fairview Land & Livestock Company, a Utah corporation, were the owners of approximately 6,500 acres of real property located in Sanpete County, Utah. These properties were directly in the path of the Wood Hollow Fire and its aftermath. As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

49.    At all times mentioned herein, Plaintiffs Lorrie Merrell and Dianna Pugh, individually and as Trustee of The Dianna Pugh Family Trust, dated the 19th day of May, 2010, were Utah residents, owning approximately 360 acres of real property located in Sanpete County, Utah, which was directly in the path of the Wood Hollow Fire and its aftermath. As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

50.    At all times mentioned herein, Plaintiffs Brent Miller and Kimberlie Miller, were Utah residents and the owners of properties located at Oaker Hills, Phase III, Lots 312 and 313, in Sanpete County, Utah. The Millers' properties were directly in the path of the Wood Hollow

4824-3998-4164

Fire and its aftermath. As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

51.     At all times mentioned herein, Plaintiffs Steven Dallas Morgan and Suzie Lynn Morgan were Utah residents and the owners of the property located at Big Hollow subdivision (amended), Lot 25, in Sanpete County, Utah. The Morgans' property was directly in the path of the Wood Hollow Fire and its aftermath. As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

52.     At all times mentioned herein, Plaintiff Mountain View Associates, LLC, a Utah limited liability company a/k/a Mountain View Association a/k/a Mountain View Association, LLC, is responsible for maintaining the Mountain View subdivision, including but not limited to the maintenance of roads and fencing throughout the Mountain View subdivision in Sanpete County, Utah. This property and improvements were directly in the path of the Wood Hollow Fire and its aftermath. As a result of the Fire, Plaintiff suffered damages in an amount to be proven at trial, but not less than $75,000.

53.     At all times mentioned herein, Plaintiffs Scott Mower and Jackee Mower, Utah residents, and Mower Ranch, Ltd., a Utah limited partnership, were the owners of approximately 3,500 acres of real property located at in Sanpete County, Utah. These Plaintiffs' property and business operations were directly in the path of the Wood Hollow Fire and its aftermath. In addition, Plaitniffs suffered a loss income related to their turkey and other businesses. Scott Mower attempted to fight the Fire in an effort to protect the property, including using his backhoe in an effort to save some land. As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

54.     At all times mentioned herein, Plaintiffs Lisa B. Murdock and Bruce Murdock, Utah residents, and R&R Jordan Investments, Ltd, a Utah limited partnership, were the owners of approximately 460 acres in Sanpete County, Utah.  These Plaintiffs' property was directly in the path of the Wood Hollow Fire and its aftermath.  Lisa Murdock and Bruce Murdock attempted to fight the Fire in an effort to protect the property and structures on the property, including spending considerable time putting out hot spots on the property.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

55.     At all times mentioned herein, Plaintiffs Derek Murdock, Melissa Downs and Miranda Searle were Utah residents and the owners of personal property located on the Lisa Murdock and Bruce Murdock property in Sanpete County, Utah.  These Plaintiffs suffered damage to their personal property, losing the use, benefit and enjoyment of said property.  Derek Murdock, Ms. Downs and Ms. Searle attempted to fight the Fire in an effort to protect the property and structures on the property, including spending considerable time putting out hot spots on the property.  They lost income during that time they were fighting the Wood Hollow Fire in an attempt to preserve their property and in its aftermath in attempting to clean up the area.  They incurred costs and expenses attempting to extinguish and contain the Wood Hollow Fire, and suffered discomfort, inconvenience, and stress in those attempts.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

56.     At all times mentioned herein, Plaintiffs Steven Nelson and Maxine Nelson, were Utah residents and the owners of the property located at Oaker Hills, Phase I, Lot 136 and Phase II, Lots 214 and 215, in Sanpete County, Utah.  The Nelsons' properties were directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in

20

an amount to be proven at trial, but not less than $75,000.

57.     At all times mentioned herein, Plaintiffs Robert Olson and Sandra Olson, were

Utah residents and the owners of the property located at Oaker Hills, Lots 302 and 303 in

Sanpete County, Utah.  The Olsons' property was directly in the path of the Wood Hollow Fire

and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven

at trial, but not less than $75,000.

58.     At all times mentioned herein, Plaintiffs Terrance Olson and Neal Olson, were

Utah residents and the owners of property located at Elk Ridge Ranches subdivision, Plat B, Lot

89, in Sanpete County, Utah.  The Olsons' property was directly in the path of the Wood Hollow

Fire and its aftermath.  Plaintiffs Linda Olson, Connie Brennan and Terrance Olson, Jr., each

Utah residents, owned structures and other personal property on the Olsons' property; vacationed

and/or resided on this property; were invitees; and/or had access to use this property.  Terrance

Olson, Terrance Olson, Jr. and Connie Brennan were on the property at the time of the Wood

Hollow Fire, were evacuated and suffered damage as a result.  As a result of the Fire, Plaintiffs

suffered damages in an amount to be proven at trial, but not less than $75,000.

59.     At all times mentioned herein, Plaintiffs William R. O'Reilly and Kimnay Rou,

were Utah residents and the owners of the property located at Indian Ridge, Plat M, Lot 23 in

Sanpete County, Utah.  The O'Reilly/Rou property was directly in the path of the Wood Hollow

Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be

proven at trial, but not less than $75,000.

60.     At all times mentioned herein, Plaintiffs Clyde Ormond and Kris Ormond,

individually, and as Trustees of The C.K.K.L. Ormond Revocable Living Trust, were Utah

residents, owning property located at Oaker Hills, Lot 334, in Sanpete County, Utah.  The Ormonds' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

61.    At all times mentioned herein, Plaintiffs Cory Payne and Tara Payne, were Utah residents and the owners of the property located at Oaker Hills, Lot 203, in Sanpete County, Utah.  The Paynes' property was directly in the path of the Wood Hollow Fire and its aftermath. Plaintiffs Chris Johnson and Kalin Johnson, were Utah residents, and at the time of the Fire were on Oaker Hills, Lot 203, in Sanpete County, Utah, which is owned by Ms. Johnson's parents, Tara Payne and Cory Payne.  The Johnson's vacationed on this property; were invitees; and had access to use this property.  The Johnsons were evacuated and suffered damage as a result.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

62.    At all times mentioned herein, Plaintiffs Dara L. Payne and Nicole Payne, were Utah residents and the owners of the property located at Oaker Hills, Lot 245 in Sanpete County, Utah.  The Paynes' property was directly in the path of the Wood Hollow Fire and its aftermath. As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

63.    At all times mentioned herein, Plaintiffs James "Gabe" Payne and Raylene Payne, were Utah residents and the owners of the property located at Oaker Hills, Lot 243 and a part of Lot 244 in Sanpete County, Utah.  The Paynes' property was directly in the path of the Wood Hollow Fire and its aftermath.  The Paynes were on their property at the time of the Fire, had to

be evacuated and suffered damage as result.  As a result of the Fire, Plaintiffs suffered damages

in an amount to be proven at trial, but not less than $75,000.

64.    At all times mentioned herein, Plaintiffs Glade Payne, Barbara Staten, Jason

Payne, KaCee Payne and Jennevieve Newhall, were Utah residents and the owners of the

property located at Oaker Hills, Lot 244 in Sanpete County, Utah.  These Plaintiffs' property was

directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs

suffered damages in an amount to be proven at trial, but not less than $75,000.

65.    At all times mentioned herein, Plaintiffs Jason Payne and KaCee Payne, were

Utah residents and purchased property located at Indian Ridge, Plat F, Lot 37, in Sanpete

County, Utah, together with an assignment of claims, after the Wood Hollow Fire.  The Paynes'

property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the

Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

66.    At all times mentioned herein, Plaintiff Vint Payne was a Utah resident and the

owner of the property located at Oaker Hills, Lot 128 and Lot 104 in Sanpete County, Utah.  Mr.

Payne's properties were directly in the path of the Wood Hollow Fire and its aftermath.  Mr.

Payne was on his property at the time of the Fire, had to be evacuated and suffered damage as

result.  As a result of the Fire, Plaintiff suffered damages in an amount to be proven at trial, but

not less than $75,000

67.    At all times mentioned herein, Plaintiffs Craig Peay, Lynn R. Tregeagle and

Vince Shepard, individually and as trustees of the Residual Trust created by the Will of Geneal

A. Peay, were Utah residents owning approximately 125 acres in Sanpete County, Utah.  The

Peay/Tregeagle/Shepard property was directly in the path of the Wood Hollow Fire and its

aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

68.    At all times mentioned herein, Plaintiffs Warren D. Peay and Alene B. Peay, individually and as Trustees of The Warren DeLoss and Alene B. Peay Family Trust, were Utah residents, owning property located at Indian Ridge, Lots 104 and 128 in Sanpete County, Utah. The Peays' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.  In addition, Brian and Kira Newman were invitees to Plaintiffs' Indian Ridge lots and stored personal property thereon.  Plaintiffs' Brian and Kira Newman therefore also suffered a loss as a result of the Wood Hollow Fire.

69.    At all times mentioned herein, Plaintiffs Gary Pitts and Patti Pitts, were Utah residents and the owners of the property located at Oaker Hills, Phase II, Lot 202 in Sanpete County, Utah.  The Pitts' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

70.    At all times mentioned herein, Plaintiff Rancho Vilate, LLC, a Utah limited liability company, was the owner of approximately 37.5% of an undivided interest in 240 acres of property located in Sanpete County, Utah.  This Plaintiff's property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

71.    At all times mentioned herein, Plaintiffs Dennis Richardson and Eva Richardson, were Utah residents and the owners of approximately 5.5 acres of property in Sanpete County.

The Richardsons' property was directly in the path of the Wood Hollow Fire and its aftermath. As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

72.     At all times mentioned herein, Plaintiffs William Robinson and JoAnn Robinson, individually and/or as Trustees of The Robinson Trust, were Utah residents, owning approximately 400 acres of land near Birdseye, Utah County, Utah and leased additional land in close proximity.  The Robinsons' property was directly in the path of the Wood Hollow Fire and its aftermath.  In addition to the destruction of natural vegetation, landscaping and improvements, the Robinsons incurred costs and expenses associated with fire suppression and other unique damages.  The Robinsons had a pond on their property that is used for recreation and as water for the land and their cattle.  The pond had been stocked with over 300 mature rainbow trout, other fish and freshwater shrimp.  The helicopters fighting the Fire removed water from the pond until it was completely dry.  As a result, the Robinsons lost water they used for their cattle and property, and also lost all of their fish.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

73.     At all times mentioned herein, Plaintiffs Dennis A. Sabey and Margaret E. Sabey, individually and as Trustees of The Sabey Family Trust, 93, were Utah residents owning the property located at Indian Ridge, Plat N, Lot 4 in Sanpete County, Utah.  The Sabeys' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

74.     At all times mentioned herein, Plaintiffs Lynn C. Sagers and Pat L. Sagers, were Utah residents and the owners of the property located at Indian Ridge, Plat M, Lot 23, in Sanpete

County, Utah.  The Sagers' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

75.    At all times mentioned herein, Plaintiffs John J. Service and Julie Service, were Utah residents and the owners of property located at Elk Ridge Ranches subdivision, Lots 45 and 54 in Sanpete County, Utah.  The Services' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

76.    At all times mentioned herein, Plaintiffs Boyd Sparrow and Kristina Sparrow, were Utah residents and the owners of the property located at Oaker Hills, Lots 114 and 115, in Sanpete County, Utah.  The Sparrows' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

77.    At all times mentioned herein, Plaintiff Britt Steen, as Personal Representative of the Estate of Frances M. Sandoval, was a Virginia resident and the owner of approximately 280 acres of property located in Sanpete County, Utah.  The Estate's property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

78.    At all times mentioned herein, Plaintiffs Jim Studstrup and Kaye Studstrup, individually and as Trustees of The James and Kaye Studstrup Family Trust, were Utah residents, owning the property located at Oaker Hills, Lots 235 and 236 in Sanpete County, Utah. The Studstrups' property was directly in the path of the Wood Hollow Fire and its aftermath.  As

26

a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

79.     At all times mentioned herein, Plaintiffs Kenneth M. Tanner and Marie Tanner, were Utah residents and the owners of the property located at Oaker Hills, Phase 3, Lot 327 in Sanpete County, Utah.  The Tanners' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

80.     At all times mentioned herein, Plaintiffs R. Edward Tomsik and Ramona S. Tomsik, were Utah residents and the owners of the property located at Indian Ridge, Plat N, Lots 1, 41, 42 and 43, in Sanpete County, Utah.  The Tomsiks' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

81.     At all times mentioned herein, Plaintiffs John VanDomburg and LouAnn VanDomburg, were Utah residents and the owners of the property located at Elk Ridge Ranches subdivision, Lot 44, in Sanpete County, Utah.  The VanDomburgs' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

82.     At all times mentioned herein, Plaintiffs Kent J. Voorhees and Tamara L. Voorhees, were Utah residents and the owners of approximately 450 acres of property in Sanpete County, Utah.  The Voorhees' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

4824-3998-4164

83.     At all times mentioned herein, Plaintiff Dorleen Williams was a Utah resident. Kenny J. Williams was a Utah resident until his death after the Wood Hollow Fire.  Dorleen Williams and Kenny J Williams were the owners of the property located at Oaker Hills, Phase II, Lot 222, in Sanpete County, Utah.  The Williams' property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiffs suffered damages in an amount to be proven at trial, but not less than $75,000.

84.     At all times mentioned herein, Plaintiff Michael W. Wood was a Utah resident and the owner of the property located at Elk Ridge Ranches subdivision, Lot 27, in Sanpete County, Utah.  Mr. Wood's property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiff suffered damages in an amount to be proven at trial, but not less than $75,000.

85.     At all times mentioned herein, Plaintiff Steven K. Wright was a Utah resident and the owner of the property located at Elk Ridge Ranches subdivision, Lots 40 and 41 in Sanpete County, Utah.  Mr. Wright's property was directly in the path of the Wood Hollow Fire and its aftermath.  As a result of the Fire, Plaintiff suffered damages in an amount to be proven at trial, but not less than $75,000.

86.     RMP does business in Sanpete County, Utah, as an electrical corporation within the meaning of Utah Code Ann. § 54-2-1(7) and a public utility within the meaning of Utah Code Ann. § 54-2-1(16)(a).

87.     RMP is in the business of selling, designing, planning, manufacturing, erecting, operating, engineering, inspecting, and maintaining electricity generating facilities, including transmission and delivery systems to members of the general public, including Plaintiffs named

28

herein.

## JURISDICTION AND VENUE

88.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are

citizens of different states and the matter in controversy exceeds the sum or value of $75,000 as

to each claim stated herein.

89.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because

RMP resides in this judicial district, the events and omissions giving rise to this action occurred

in this judicial district, and the property that is the subject matter of this action is located in this

judicial district.

## GENERAL FACTUAL ALLEGATIONS

90.    High-voltage electricity poses a high and well-known risk of causing fire unless

the transmission and distribution lines and electrical equipment through which the high-voltage

electricity flows are properly and carefully designed, constructed, inspected, operated, and

maintained, and the areas near the lines are properly and carefully inspected and cleared of

flammable growth and debris.

91.    As the owner and operator of electrical transmission and distribution lines and

related equipment, RMP owed the public, including Plaintiffs, a high duty of care to persons and

property due to the inherent danger of electricity.

92.    RMP owns, operates, and maintains a 138-KV electrical-transmission line and a

345-KV electrical-transmission line (collectively the "Lines") that run through Sanpete County

and intersect near the approximate GPS coordinates of N 39° 36.500' W 111° 35.100' (the

"Incident Site").  At the Incident Site, the 345-KV transmission line is suspended above the 138-

KV transmission line where it crosses directly over an electrical structure (numbered pole 182) that supports the 138-KV transmission line (the "Structure").

93.     On June 23, 2012, the 138-KV transmission line and the 345-KV transmission line were both energized and there was minimal, if any, clearance (less than 4 feet) between the 345-KV line and the top of the Structure.

94.     This minimal clearance violates safety standards established under applicable sections of the National Electric Safety Code and as well as RMP's own safety standards (the "Clearance Violation").

95.     As a result of inspections performed by RMP employees and contractors, RMP knew of the Clearance Violation at the Incident Site for several years prior to June 23, 2012. RMP also knew that the Clearance Violation created an unsafe condition that posed an imminent danger of harm to life and property.

96.     As a result of the Clearance Violation, it is also likely that faults occurred on the Lines prior to June 23, 2012, and that RMP was aware of such faults.

97.     Nonetheless, even though RMP knew of the Clearance Violation and the resulting unsafe condition long before the Fire, RMP chose not to bring the Lines into compliance with either industry or its own safety standards prior to the Fire.

98.     On June 23, 2012, as a result of prevailing weather conditions that were reasonably expected in the area, the electrical power load on the Lines at the Incident Site, and RMP's failure to properly design, construct, operate and maintain the Lines and related components of the electrical facilities owned and operated by RMP at the Incident Site (the "Electrical Facilities"), the 345-KV line either came into contact with, or sufficiently close to,

the Structure, that there was an arc between the 345-KV line and the Structure. This caused

high-voltage electrical current to travel along guy wires and other components of the Electrical

Facilities to the ground, igniting combustible materials and starting the Fire, which spread

rapidly to adjacent lands throughout the Wood Hollow area, including Plaintiffs' properties.

99.    The Fire burned over 75 square miles of real property, causing destruction of or

damage to trees and other vegetation, livestock, wildlife, homes, personal property, cherished

possessions, ponds, drainage courses, springs and groundwater; erosion, flooding and debris

flows; injury and death; loss of income, profits and business opportunities; loss of use and

enjoyment; annoyance, inconvenience, discomfort and emotional distress; irreparable damage to

the natural environment; and other harm.

### FIRST CAUSE OF ACTION
**(Negligence)**

100.    All Plaintiffs reallege the foregoing allegations as though fully set forth herein.

101.    RMP has, and had, a duty at all times to design, construct, operate, and maintain

the Lines and Electrical Facilities in a safe manner, consistent with applicable codes, statutes,

ordinances and industry standards.

102.    RMP breached its duty and negligently and carelessly failed to design, construct,

operate, and maintain the Lines and Electrical Facilities in a manner that would protect owners

and occupiers of adjacent lands from damage due to wildfires.

103.    As a direct and proximate result of RMP's breach of duty and negligence, all

Plaintiffs sustained, and will in the future sustain, extreme and substantial damage, due to RMP's

failure to design, construct, operate, and maintain the Electrical Facilities in a safe and non-

negligent manner, including without limitation: (a) damage to their real and/or personal property;

(b) loss of the use, benefit, and enjoyment of the real and/or personal property; (c) loss of wages and/or business profits or proceeds during any interruption of the conduct of business; (d) pain and suffering; (e) injury to health, strength, and activity; (f) mental, physical and nervous pain and suffering;(g) annoyance, discomfort, inconvenience and emotional distress;  and/or (h) costs and expenses incurred in order to extinguish and  contain the Wood Hollow Fire, including but not limited to, the cost of protecting lives or property, and any and all related incidental and consequential costs.

104.    As a result of such damage, the Plaintiffs are entitled to recover damages in an amount to be determined according to proof.

105.    RMP's acts and omissions have caused irreparable environmental damage to the real property of each of the Plaintiffs, except Rosemary Christensen, Melissa Downs, EBSSA, Inc., Connie Brennan, Rodney Gardner, Chris Johnson, Kalin Johnson, Derek Murdock, Brian Newman, Kira Newman, Linda Olson, Terrance Olson, Jr., and Miranda Searle, including but not limited to harm to animal habitats, soils, plant life, watersheds and wildlife.

106.    As a further proximate result of the acts and omissions of RMP, wood, underwood and trees located on the property of each of the Plaintiffs, except Rosemary Christensen, Melissa Downs, EBSSA, Inc., Connie Brennan, Rodney Gardner, Chris Johnson, Kalin Johnson, Mountain View Associates, Derek Murdock, Brian Newman, Kira Newman, Linda Olson, Terrance Olson, Jr., and Miranda Searle were damaged or destroyed.  In accordance with Utah Code Ann. § 78B-6-1002, these Plaintiffs are entitled to treble damages in an amount to be determined according to proof.

107.    RMP knew or should have known that its conduct would, to a high degree of

probability, result in substantial harm to another, and was highly unreasonable and an extreme departure from ordinary care in a situation where a high degree of danger was apparent.  RMP therefore is liable to all Plaintiffs for punitive or exemplary damages in an amount to be determined according to proof.

### SECOND CAUSE OF ACTION
**(Negligence Per Se)**

108.    All Plaintiffs reallege the foregoing allegations as though fully set forth herein.

109.    RMP has, and had, a duty to at all times design, construct, operate, and maintain the Lines and Electrical Facilities in compliance with Utah law and applicable regulations.

110.    RMP breached its duty and negligently failed to design, construct, operate, and maintain the Lines and Electrical Facilities in compliance with Utah law and applicable regulations, causing the ignition of the Wood Hollow Fire.

111.    Section 23 of the National Electric Safety Code, applicable to RMP's operations in Utah pursuant to Utah Administrative Code R746-310-4D, requires that electrical supply systems shall be of suitable design and construction for their intended use, with regard to the conditions under which they are to be supported, and shall be maintained in a condition which will enable the furnishing of safe, proper, and adequate service.

112.    Utah Code Ann. § 65A-3-4 imposes liability upon any person or entity who negligently, recklessly or intentionally causes or spreads a wildland fire and provides for the costs of suppressing that wildland fire in addition to all other legal remedies including monetary damages.

113.    By the acts and omissions alleged in this Complaint, RMP was negligent and violated Section 23 of the National Electric Safety Code, Utah Administrative Code R746-310-

4824-3998-4164

4D, and Utah Code Ann. § 65A-3-4, thereby making RMP liable under for all harm caused by these acts and omissions.

114.    As a direct and proximate result of RMP's breach of duty and negligence, all Plaintiffs sustained, and will in the future sustain, extreme and substantial damage, due to RMP's failure to design, construct, operate, and maintain the Electrical Facilities in a safe and non-negligent manner, including without limitation: (a) damage to their real and/or personal property; (b) loss of the use, benefit, and enjoyment of the real and/or personal property; (c) loss of wages and/or business profits or proceeds during any interruption of the conduct of business; (d) pain and suffering; (e) injury to health, strength, and activity; (f) mental, physical and nervous pain and suffering;(g) annoyance, discomfort, inconvenience and emotional distress;  and/or (h) costs and expenses incurred in order to extinguish and  contain the Wood Hollow Fire, including but not limited to, the cost of protecting lives or property, and any and all related incidental and consequential costs.

115.    As a result of such damage, the Plaintiffs are entitled to recover damages in an amount to be determined according to proof.

116.    RMP's acts and omissions have caused irreparable environmental damage to the real property of each of the Plaintiffs, except Rosemary Christensen, Melissa Downs, EBSSA, Inc., Connie Brennan, Rodney Gardner, Chris Johnson, Kalin Johnson, Mountain View Associates, Derek Murdock, Brian Newman, Kira Newman, Linda Olson, Terrance Olson, Jr., and Miranda Searle, including but not limited to harm to animal habitats, soils, plant life, watersheds and wildlife.

117.    As a further proximate result of the acts and omissions of RMP, wood,

underwood and trees located on the property of each of the Plaintiffs, except Rosemary

Christensen, Melissa Downs, EBSSA, Inc., Connie Brennan, Rodney Gardner, Chris Johnson,

Kalin Johnson, Mountain View Associates, Derek Murdock, Brian Newman, Kira Newman,

Linda Olson, Terrance Olson, Jr., and Miranda Searle were damaged or destroyed.  In

accordance with Utah Code Ann. § 78B-6-1002, these Plaintiffs are entitled to treble damages in

an amount to be determined according to proof.

118.    RMP knew or should have known that its conduct would, to a high degree of

probability, result in substantial harm to another, and was highly unreasonable and an extreme

departure from ordinary care in a situation where a high degree of danger was apparent.  RMP

therefore is liable to all Plaintiffs for punitive or exemplary damages in an amount to be

determined according to proof.

### THIRD CAUSE OF ACTION
**(Trespass)**

119.    All Plaintiffs except Rosemary Christensen, Melissa Downs, EBSSA, Inc.,

Connie Brennan, Rodney Gardner, Chris Johnson, Kalin Johnson, Mountain View Associates,

Derek Murdock, Brian Newman, Kira Newman, Linda Olson, Terrance Olson, Jr., and Miranda

Searle reallege the foregoing allegations as though fully set forth herein.

120.    At all times material, these Plaintiffs were the possessors of real property in

Sanpete County.

121.    As a legal result of RMP's negligence, the Wood Hollow Fire physically invaded

and damaged these Plaintiffs' property, and RMP thereby committed trespass.

122.    As a direct and proximate result of RMP's breach of duty and negligence, all of

these Plaintiffs sustained, and will in the future sustain, extreme and substantial damage, due to

35

RMP's  failure to design, construct, operate, and maintain the Electrical Facilities in a safe and

non-negligent manner, including without limitation: (a) damage to their real and/or personal

property; (b) loss of the use, benefit, and enjoyment of the real and/or personal property; (c) loss

of wages and/or business profits or proceeds during any interruption of the conduct of business;

(d) pain and suffering; (e) injury to health, strength, and activity; (f) mental, physical and

nervous pain and suffering;(g) annoyance, discomfort, inconvenience and emotional distress;

and/or (h) costs and expenses incurred in order to extinguish and  contain the Wood Hollow Fire,

including but not limited to, the cost of protecting lives or property, and any and all related

incidental and consequential costs.

123.    As a result of such damage, these Plaintiffs are entitled to recover damages in an

amount to be determined according to proof.

124.    RMP's acts and omissions have caused irreparable environmental damage to the

real property of each of the Plaintiffs, except Rosemary Christensen, Melissa Downs, EBSSA,

Inc., Connie Brennan, Rodney Gardner, Chris Johnson, Kalin Johnson, Mountain View

Associates, Derek Murdock, Brian Newman, Kira Newman, Linda Olson, Terrance Olson, Jr.,

and Miranda Searle, including but not limited to harm to animal habitats, soils, plant life,

watersheds and wildlife.

125.    As a further proximate result of the acts and omissions of RMP, wood,

underwood and trees located on the real property of each of these Plaintiffs were damaged or

destroyed.  In accordance with Utah Code Ann. § 78B-6-1002, these Plaintiffs are entitled to

treble damages in an amount to be determined according to proof.

126.    RMP knew or should have known that its conduct would, in a high degree of

probability, result in substantial harm to another, and was highly unreasonable and an extreme

departure from ordinary care in a situation where a high degree of danger was apparent.  RMP

therefore is liable to these Plaintiffs for punitive or exemplary damages in an amount to be

determined according to proof.

**FOURTH CAUSE OF ACTION**
**(Nuisance)**

127.    All Plaintiffs reallege the foregoing allegations as though fully set forth herein.

128.    RMP's conduct regarding design, construction, operation, and maintenance of the

Electrical Facilities resulting in the Wood Hollow Fire caused and created, and continues to

cause and create, conditions of a private nuisance as described in Utah Code Ann. § 78B-6-1101

et seq.

129.    RMP has failed to abate the nuisance created by its conduct and has failed and

neglected to abate and remediate the damage to water sources and soil, implement appropriate

erosion control, provide for soil conservation, and implement water source clean-up and slope

stability required to the areas and land decimated by the Fire.

130.    As a direct and proximate result of RMP's creation and failure to abate the

nuisance described above, Plaintiffs, in addition to the damage and injuries described above,

have incurred damage for the cost of attorneys, consultants, and experts to evaluate the cause of

the damages; develop and monitor the remedial work required to abate the nuisance conditions;

and otherwise prosecute and/or defend legal proceedings to preserve and protect Plaintiffs' rights

and interests.

131.    As a result of such damage and injuries described in the foregoing paragraph and

in the foregoing causes of action, Plaintiffs are entitled to recover damages in an amount to be

37

determined according to proof.

132.    RMP's acts and omissions have caused irreparable environmental damage to the real property of each of the Plaintiffs, except Rosemary Christensen, Melissa Downs, EBSSA, Inc., Connie Brennan, Rodney Gardner, Chris Johnson, Kalin Johnson, Mountain View Associates, Derek Murdock, Brian Newman, Kira Newman, Linda Olson, Terrance Olson, Jr., and Miranda Searle, including but not limited to harm to animal habitats, soils, plant life, watersheds and wildlife.

133.    As a further proximate result of the acts and omissions of RMP, wood, underwood and trees located on the property of each of the Plaintiffs, except Rosemary Christensen, Melissa Downs, EBSSA, Inc., Connie Brennan, Rodney Gardner, Chris Johnson, Kalin Johnson, Mountain View Associates, Derek Murdock, Brian Newman, Kira Newman, Linda Olson, Terrance Olson, Jr., and Miranda Searle were damaged or destroyed.  In accordance with Utah Code Ann. § 78B-6-1002, these Plaintiffs are entitled to treble damages in an amount to be determined according to proof.

134.    RMP's acts and failures to act in creating and failing to abate a nuisance resulted in a fire hazard and foreseeable obstruction to Plaintiffs' use and enjoyment of their property, thereby causing unreasonable harm and substantial actual damages.  RMP knew or should have known that its conduct would, to a high degree of probability, result in substantial harm to another, and was highly unreasonable and an extreme departure from ordinary care in a situation where a high degree of danger was apparent.  RMP therefore is liable to all Plaintiffs for punitive or exemplary damages in an amount to be determined according to proof.

**FIFTH CAUSE OF ACTION**
**(Violation of Utah Code Ann. § 78B-6-1002)**

135.     Each of the Plaintiffs except Rosemary Christensen, Melissa Downs, EBSSA, Inc., Connie Brennan, Rodney Gardner, Chris Johnson, Kalin Johnson, Mountain View Associates, Derek Murdock, Brian Newman, Kira Newman, Linda Olson, Terrance Olson, Jr., and Miranda Searle reallege each and every allegation made above, fully incorporating those allegations as though full set forth herein.

136.     At all times material, these Plaintiffs possessed real property in Sanpete County.

137.     As a result of RMP's acts and omissions, the Wood Hollow Fire physically invaded and damaged the wood, underwood and trees located on these Plaintiffs' real property.

138.     RMP had no authority to remove, cut down, carry off or damage the wood, underwood and trees located on these Plaintiffs' real property.

139.     As a direct and proximate result of the acts and omissions of RMP, wood, underwood and trees located on the real property of each of these Plaintiffs were damaged or destroyed.

140.     RMP's acts and omissions have caused irreparable environmental damage to the real property of each of the Plaintiffs, except Rosemary Christensen, Melissa Downs, EBSSA, Inc., Connie Brennan, Rodney Gardner, Chris Johnson, Kalin Johnson, Mountain View Associates, Derek Murdock, Brian Newman, Kira Newman, Linda Olson, Terrance Olson, Jr., and Miranda Searle, including but not limited to harm to animal habitats, soils, plant life, watersheds and wildlife.

141.     As a result of such damage to trees and underwood, in accordance with Utah Code Ann. § 78B-6-1002, all of these Plaintiffs, are entitled to treble damages in an amount to be

4824-3998-4164

determined according to proof.

## SIXTH CAUSE OF ACTION
### (Violation of Utah Code Ann. § 65A-3-4)

142.    Plaintiffs Bruce Anderson, Big Horn Ranch Association, Scott Mower, Lisa

Murdock, Bruce Murdock, Derek Murdock, Melissa Downs, Miranda Searle, Peter Christensen,

Diane Christensen, William Robinson, JoAnn Robinson and Britannia, LLC reallege each and

every allegation made above, fully incorporating those allegations as though full set forth herein.

143.    RMP breached its duty and negligently failed to design, construct, operate, and

maintain the electrical facilities in compliance with Utah law and applicable regulations, causing

the ignition of the Wood Hollow Fire in June 2012.  Utah Code Ann. § 65A-3-4 provides that

any person or entity who negligently, recklessly or intentionally causes or spreads a wildland fire

is liable for the costs of suppressing the fire.

144.    As a Utility Provider, RMP is required to provide and maintain service equipment

and facilities in a manner adequate to maintain the safety, health and convenience of its

customers and the public.

145.    RMP is required to design, engineer, construct, operate and maintain electrical

supply lines in a manner consistent with their use, taking into consideration local conditions and

other circumstances, so as to provide safe and adequate electric service, pursuant to Section 23 of

the National Electric Safety Code, applicable to RMP's operations in Utah pursuant to Utah

Administrative Code R746-310-4D.

146.    These Plaintiffs incurred fire suppression costs, as more fully set forth above, as a

result of the Wood Hollow Fire.  Pursuant to Utah Code Ann § 65A-3-4, these Plaintiffs are

entitled to damages for the costs of fire suppression in an amount to be determined according to

4824-3998-4164

proof, together with any other damages they suffered as a result of the fire.

### SEVENTH CAUSE OF ACTION
#### (Intentional Infliction of Emotional Distress)

147.    Plaintiffs Stacey Anderson, Bruce Anderson, Corey Anderson, Nick Ball, Suzanne Ball, Rick Benson, Kathy Benson, Diana Berry, Connie Brennan, Erma Buys, Gary Church, Teresa Church, Lamont Christensen, Peter Christensen, Diane Christensen, Melissa Downs, Thelma Stowell Evans, Richard Garner, Peggy Garner, Clyde Holm, Linda Holm, Bernie Irvine, Merlene Irvine, Chris Johnson, Kalin Johnson, Debra Lasson, Steve Morgan, Suzie Morgan, Scott Mower, Jackee Mower, Lisa Murdock, Bruce Murdock, Derek Murdock, Steven Nelson, Maxine Nelson, Robert Olson, Sandra Olson, Terrance Olson, Terrance Olson, Jr., Vint Payne, Gabe Payne, Raylene Payne, Dennis Richardson, Eva Richardson, William Robinson, JoAnn Robinson, Miranda Searle, Boyd Sparrow, Kristina Sparrow, Edward Tomsik, Ramona Tomsik, and John VanDomburg reallege the foregoing allegations as though fully set forth herein.

148.    RMP engaged in outrageous conduct by, and not limited to, not abiding by industry standards by having the 345-KV electrical-transmission line within five (5) feet of another structure (namely electrical pole 182), which was the area of origin of the Wood Hollow Fire.

149.    RMP engaged in further outrageous conduct by, and not limited to, failing to remedy the clearance issue between the 345-KV transmission line and electrical pole 182, when RMP knew or should have known that electrical faults had occurred as a result of arcs and/or incidents occurring at this site prior to June 23, 2012.

150.    The above outrageous conduct is the substantial cause of the Wood Hollow Fire,

which caused these Plaintiffs' injuries.

151.    RMP acted with reckless disregard for the probability that these Plaintiffs would suffer emotional distress, knowing these Plaintiffs would likely be present when their outrageous conduct occurred.

152.    These Plaintiffs were physically present on property affected by the Wood Hollow Fire at the time of the Wood Hollow Fire.

153.    In the course of events described in part, above, these Plaintiffs suffered severe mental and emotional distress.

154.    A substantial cause of these Plaintiffs' severe emotional distress was the conduct of RMP.  RMP's actions were willful and wanton, and with a conscious contempt and disdain for the disastrous consequences that RMP knew could occur as a result of its dangerous conduct. Accordingly, RMP acted with malice and with a conscious disregard of the rights and safety of these Plaintiffs, which is an appropriate predicate fact for an award of exemplary/punitive damages in a sum according to proof.

### EIGHTH CAUSE OF ACTION
**(Negligent Infliction of Emotional Distress)**

155.    Plaintiffs Jackee Mower, Steve Nelson, Glade Payne, and Raylene Payne reallege each and every allegation made above, fully incorporating those allegations as though full set forth herein.

156.    In the course of the events previously described, which were caused by RMP's negligence, as pled above, these Plaintiffs suffered severe mental and emotional distress.

157.    These Plaintiffs' severe mental and emotional distress was accompanied by actual physical injury to themselves, including the following:

42

Case 2:15-cv-00447-DN Document 2 Filed 06/22/15 PageID.44 Page 43 of 45

a. Jackee Mower fought the Wood Hollow Fire, using her equipment to attempt to save her families' livelihood. Mrs. Mower suffered such severe mental anguish, distress, fright and worry following the fire that she sought out the services of a mental health care professional, with whom she has sought treatment since the fire in an attempt to relieve some of her grief.

b. Steve Nelson was on property affected by the Wood Hollow Fire when the fire began, and he spent the day warning his neighbors. The fire was emotionally devastating to Mr. Nelson. Mr. Nelson has been to the VA hospital for treatment.

c. Glade Payne is devastated about the Wood Hollow Fire, including the ability to spend the mornings with his mother during her dying days at the property. Dealing with the fire and its aftermath has caused Mr. Payne a great deal of stress and anxiety, exacerbated his COPD symptoms, and caused him to feel anger and grief. Mr. Payne experiences extreme sorrow whenever he thinks about the foregoing or about losing all of his photo albums and the stein collection given to him by his late father.

d. Raylene Payne was on property affected by the Wood Hollow Fire during the Wood Hollow Fire. Her husband had to go help his brother, and Mrs. Payne was alone on the property as the fire approached. During that time, Mrs. Payne realized that she had no idea where the keys to the ATV were or any way to escape should the fire overtake the property, and she had a panic attack. After the fire, Mrs. Payne has experienced grief, depression, anxiety,

43

and anger.  She is devastated to have lost all of their cherished items,

including all of the keepsakes from her husband's mother, who died shortly

after the fire.  Mrs. Payne cries almost every time she thinks of the

property.  The stress and anxiety caused by the fire have exacerbated Mrs.

Payne's fibromyalgia symptoms.

158.    A substantial cause of these Plaintiffs' severe mental and emotional distress was

the conduct of RMP as identified above in this Complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against RMP as follows:

1.    For general damages, as to be proven at trial;

2.    For special damages, including but not limited to, costs of repair, replacement,

and restoration; loss of market value; diminution in value; loss of use; loss of investment; loss of

income; loss of business opportunity; loss of business profits; and out-of-pocket expenses, as

proven at trial;

3.    For punitive or exemplary damages as to be proven at trial;

4.    Pursuant to Utah Code Ann. § 78B-6-1002, for treble damages for all of the

Plaintiffs except Rosemary Christensen, Melissa Downs, EBSSA, Inc., Connie Brennan, Rodney

Gardner, Chris Johnson, Kalin Johnson, Mountain View Associates, Derek Murdock, Brian

Newman, Kira Newman, Linda Olson, Terrance Olson, Jr., and Miranda Searle, as to be proven

at trial;

4824-3998-4164

5.      For recovery of intangible environmental injuries and damage, as to be proven at trial for each of the Plaintiffs, except Rosemary Christensen, Melissa Downs, EBSSA, Inc., Connie Brennan, Rodney Gardner, Chris Johnson, Kalin Johnson, Mountain View Associates, Derek Murdock, Brian Newman, Kira Newman, Linda Olson, Terrance Olson, Jr., and Miranda Searle;

6.      For attorneys' fees and costs of suit incurred herein;

7.      For pre-judgment and post-judgment interest;

8.      For any and all other legal remedies, as provided in Utah Code Ann. § 65-3-4; and

9.      For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request a jury trial on all issues that may be so tried.

DATED this 22nd day of June, 2015.

PARR BROWN GEE & LOVELESS, P.C.


/s/ Stephen J. Hill
Stephen J. Hill
Jonathan R. Schofield
Kara M. Houck

LAW OFFICES OF ROBERT W. JACKSON, APC
Robert W. Jackson
Brett R. Parkinson

SNOW, CHRISTENSEN & MARTINEAU
Michael R. Carlston
Scott H. Martin
Maralyn M. English
D. Jason Hawkins
*Attorneys for Plaintiffs*

45